CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853
PETER WALKINGSHAW
Assistant United States Attorney
400 South Virginia, Suite 900
Reno, Nevada  89501
Phone: (775) 784-5438
Email: peter.walkingshaw@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM MICHAEL TOOMBS<br><br>Defendant. | No. 3:19-cr00011-HDM-WGC<br><br>**Binding Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) for Defendant Adam Michael Toombs** |

This plea agreement between Adam Michael Toombs ("defendant") and the United States Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement regarding the criminal charges referenced herein and the applicable sentences, fines, restitution, and forfeiture in the above-captioned case. **This is a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).** The government and defendant agree that the offense level to which the parties stipulate is correct and that a term of imprisonment at the low end of the sentencing guidelines range determined by the district court, to run concurrent with the sentences imposed on defendant by the Second Judicial District Court in Washoe County, Nevada in Case No. CR18-0756 and Case No. CR19-1011, and a lifetime term of supervised release is appropriate in this case. If the district court accepts the plea agreement, it will be obligated to accept the parties' stipulated offense level and impose that

1   agreed-upon sentence. This agreement binds only defendant, the USAO, and the district court,

2   and does not bind the U.S. Probation Office, or any other federal, state, local, or foreign

3   prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not

4   prohibit the USAO or any agency or third party from seeking any other civil or administrative

5   remedies, including civil forfeiture *in rem,* directly or indirectly against defendant or defendant's

6   property.

7       This agreement becomes effective upon signature by defendant, defendant's counsel, and

8   an Assistant United States Attorney.

9                                    **I. DEFENDANT'S OBLIGATIONS**

10      1.      Defendant agrees to:

11              a.      At the earliest opportunity requested by the USAO and provided by the

12   district court, appear and plead guilty to Count 2 of the superseding indictment in this case,

13   which charges defendant with Receipt of Child Pornography in violation of Title 18 U.S.C.

14   §§ 2252A(a)(2) and (b)(1);

15              b.      Stipulate to the facts agreed to in this agreement;

16              c.      Abide by all agreements regarding sentencing contained in this agreement;

17              d.      Not seek to withdraw defendant's guilty plea once it is entered unless the

18   district court later does not accept the plea agreement pursuant to Federal Rule of Criminal

19   Procedure 11(c)(5);

20              e.      Appear for all court appearances, surrender as ordered for service of

21   sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

22              f.      Not commit any federal, state, or local crime;

23              g.      Be truthful at all times with the U.S. Probation and Pretrial Services Offices

24   and the Court;

2

h.    Before and after sentencing, upon request by the district court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form provided by the USAO, to include all supporting documentation, and return it to the USAO within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter any order necessary to effectuate or facilitate disclosure of defendant's financial information.

i.    To facilitate payment of any fine, forfeiture, restitution, or assessment, surrender assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant agrees to voluntarily release funds and property under defendant's control or in which defendant has any property interest, before and after sentencing, to pay any fine or restitution identified in this agreement, agreed to by the parties, or ordered by the district court.

j.    Defendant agrees that restitution shall be ordered due and payable in full immediately after the judgment is entered, and that the full amount of any restitution ordered is subject to immediate enforcement and collection by the USAO or defendant's victims, or both. Defendant agrees that any schedule of payments entered by the district court is a schedule of the minimum payment due and does not prohibit or limit the methods by which the USAO may immediately enforce and collect the judgment in full. Defendant acknowledges that restitution may not be discharged, in whole or in part, in any present or future bankruptcy proceeding.

/ / /

/ / /

3

k.    The forfeiture of the property and the imposition of the forfeiture of the property as set forth in this Plea Agreement, the Bill of Particulars, and the Forfeiture Allegation of the Superseding Indictment.

l.    The USAO and defendant stipulate and agree that the child pornography images received, distributed, or possessed by defendant depicted images of victims being sexually abused and further agree that a victim's knowledge that images of his or her abuse is being disseminated and possessed by other caused certain victims to be re-victimized and has resulted in harm that is distinct from that suffered from the actual contact physical sexual abuse, thus such victims are harmed by the actions of defendant. In consequence of these factors, if the USAO meets its burden under 18 U.S.C. Section 2259 and pursuant to *Paroline v. United States*, 134 S. Ct. 1710 (2014), defendant agrees to pay restitution in the amount of $3,000 per victim, for any victim who may be identified through the Child Victim Identification Program (CVIP) or Child Recognition Identification System (CRIS) and who requests restitution prior to sentencing. Defendant agrees to pay this amount without requiring the USAO to disaggregate the loss attributed to the original sexual abuse or to other persons who disseminated, received, or possessed the child pornography images, from defendant's actions in this case.

## II. THE USAO'S OBLIGATIONS

2.    The USAO agrees to:

a.    Stipulate to facts agreed to in this agreement;

b.    Abide by all agreements regarding sentencing contained in this agreement;

c.    At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1;

1          d.     At sentencing, move to dismiss the remaining counts of the superseding

2    indictment as against defendant. Defendant agrees, however, that the district court may consider

3    any dismissed charges in determining the applicable sentencing guidelines range, the propriety

4    and extent of any departure from that range, and the sentence to be imposed;

5          e.     Not bring any additional charges against defendant arising out of the

6    investigation in the District of Nevada which culminated in this agreement and based on

7    conduct known to the USAO. However, the USAO reserves the right to prosecute defendant for

8    (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations

9    (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

<h3 style="text-align:center">III. ELEMENTS OF THE OFFENSE</h3>

11     3.     <u>Count Two</u>: The elements of Receipt of Child Pornography under 18 U.S.C. §§

12   2252A(a)(2) and (b)(1) are as follows:

<u>First</u>:     The defendant knowingly received a visual depiction of sexually explicit
            conduct;

<u>Second</u>:   It was a visual depiction was of a minor, and the production involved the
            use of a minor engaging in sexually explicit conduct;

<u>Third</u>:     The visual depiction was shipped, transported, or mailed in interstate or
            foreign commerce, by any means including computer; and

<u>Fourth</u>:   The defendant knew that at least one of the performers in such visual
            depiction was a minor and knew that the visual depiction was of such minor
            engaged in sexually explicit conduct.

<h3 style="text-align:center">IV. CONSEQUENCES OF CONVICTION</h3>

21     4.     <u>Maximum and Minimum Statutory Penalties</u>:

22     a.     Defendant understands that the statutory maximum sentence the district court can

23   impose for a violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) as charged in Count 2, is: 20 years

24   imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain

1    or gross loss resulting from the offense, whichever is greatest; and a mandatory special

2    assessment of $100. Defendant further understands that, unless the district court determines that

3    defendant satisfies the "safety-valve" criteria set forth in 18 U.S.C. § 3553(f) and USSG § 5C1.2,

4    a violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) carries a statutory minimum sentence of 5

5    years imprisonment; and a statutory minimum term of supervised release of 5 years.

6        5.    Restitution: Defendant understands that defendant will be required to pay full

7    restitution to the victims of the offenses to which defendant is pleading guilty. Defendant agrees

8    that, in return for the USAO's compliance with its obligations under this agreement, the Court

9    may order restitution to persons other than the victims of the offenses to which defendant is

10   pleading guilty and in amounts greater than those alleged in the count to which defendant is

11   pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim

12   of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct,

13   as defined in USSG § 1B1.3, in connection with the offense to which defendant is pleading guilty

14   and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as

15   defined in USSG § 1B1.3, in connection with those counts.

16       6.    Criminal Forfeiture: Defendant understands that the district court will impose

17   forfeiture of the property.

18       7.    Defendant understands that, pursuant to the Justice for Victims of Trafficking Act

19   of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes

20   that defendant is a non-indigent person, to be paid after defendant's other financial obligations

21   have been satisfied.

22       8.    Defendant understands and agrees that under the Sex Offender Registration and

23   Notification Act ("SORNA"), 34 U.S.C. § 20901 et. seq., defendant must register as a sex

24   offender and keep the registration current in each of the following jurisdictions: (1) where

defendant resides; (2) where defendant is an employee; and (3) where defendant is a student. Defendant understands that he must comply with all the registration requirements contained in SORNA. 34 U.S.C. § 20901 et. seq. Defendant further understands that the requirements for registration include, but are not limited to, providing defendant's name, residence address, and the names and addresses of any places where defendant is or will be an employee or a student.

Defendant further understands that the requirement to keep the registration current includes, but is not limited to, informing at least one jurisdiction in which defendant resides, is an employee, or is a student no later than three business days after any change of defendant's name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects defendant to an additional prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a).

9.    <u>Parole Abolished</u>: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

10.    <u>Supervised Release</u>: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.    <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the district court's discretion in determining defendant's sentence.

12. <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the district court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

13. <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot advise defendant fully regarding the immigration consequences of the felony conviction in this case, but defendant's attorney has advised him about the deportation risks of his guilty plea. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

### V. FACTUAL BASIS

14. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable doubt and establish its right to forfeit the specified property by preponderance of the evidence. Defendant further acknowledges that defendant's admissions and declarations of fact set forth

below satisfy every element of the charged offense. Defendant waives any potential future claim

that the facts defendant admitted below are insufficient to satisfy the elements of the charged

offense. Defendant admits and declares under penalty of perjury that the facts set forth below are

true and correct:

A federal search warrant was obtained for the defendant's residence in Sparks,

Nevada on December 20, 2018. Federal investigators sought the search warrant after conducting

online undercover operations on the Ares peer-to-peer file sharing network. Agents in two

separate offices had been able to download child pornography files over the Ares network from

an IP address resolving to the defendant's address.

Agents executed that warrant on December 28, 2018. Defendant answered the door when

agents of the Department of Homeland Security, Homeland Security Investigations ("HSI")

knocked to execute the search warrant. In the course of the search, HSI agents seized a laptop

and a hard drive belonging to the defendant containing child pornography, specifically a Dell

Experian laptop, bearing serial number CQZLG1, and a Maxor hard drive that was connected to

the laptop at the time the laptop was seized, bearing serial number UA00D6NC. These devices

were password protected, though forensic analysts were nonetheless able to conduct a forensic

examination of the devices. Defendant made post-*Miranda* inculpatory statements regarding his

"curiosity" in looking at child pornography. Forensic examinations of the devices recovered

from the defendant's residence revealed that while some child pornography files had been

deleted from the devices, many that had been downloaded from the Ares network had not been

deleted, and were stored in a location on the defendant's hard drive labeled "new folder," within

a subfolder labeled "newfolder2."

Forensic analysis of the Dell Experian laptop and the Maxor hard drive that was

connected to the laptop at the time the laptop was seized, revealed 237 videos of child

1   pornography. The parties agree that this constitutes more than 600 images of child pornography.

2   Some of these videos contained sadistic and masochistic content, including images of vaginally

3   penetrative sex involving prepubescent girls. As revealed by a forensic analysis of the devices and

4   the software contained on them, defendant had been downloading child pornography from the

5   Ares peer-to-peer network since 2012. Forensic analysis also revealed that the devices contained

6   personal documents belonging to the defendant, including tax forms, resumes, and employment

7   applications, that established defendant's ownership of the seized devices. The defendant used

8   the laptop and hard drive described above to download and store child pornography he obtained

9   from the Ares peer-to-peer network.

10   <center>**VI. SENTENCING FACTORS**</center>

11        15.   <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in

12   determining defendant's sentence, the district court is required to calculate the applicable

13   sentencing guidelines range and to consider that range, possible departures under the sentencing

14   guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant

15   understands that the sentencing guidelines are advisory only, that defendant cannot have any

16   expectation of receiving a sentence within the calculated sentencing guidelines range, and that

17   after considering the sentencing guidelines and the other § 3553(a) factors, the district court will

18   be free to exercise its discretion to impose any sentence it finds appropriate between the

19   mandatory minimum and up to the maximum set by statute for the crime of conviction.

20   Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), however, if the district court

21   accepts this plea agreement, it will be obligated to follow the parties' stipulated offense level and

22   impose the agreed-upon sentence of a term of imprisonment at the low end of the sentencing

23   guidelines range determined by the Court, and a lifetime term of supervised release.

24

<center>10</center>

16.    <u>Offense Level Calculations</u>: The parties stipulate to the following calculation of defendant's offense level under the sentencing guidelines; agree that these stipulations will bind the district court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) if it accepts this plea agreement; and agree that they will not seek to apply or advocate for the use of any other base offense level(s) or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range:

| | |
|---|---|
| Base Offense Level, USSG § 2G2.2(a)(2): | 22 |
| Material Involved Prepubescent Minor, USSG § 2G2.2(b)(2): | +2 |
| Sadistic or Masochistic Content, USSG § § 2G2.2(b)(4): | +4 |
| Use of a Computer, USSG § 2G2.2(b)(6): | +2 |
| <u>Offense Involved 600 or more images, USSG § 2G2.2(b)(7)(D):</u> | <u>+5</u> |
| Adjusted Offense Level: | 35 |

17.    <u>Reduction for Acceptance of Responsibility</u>: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty plea; (d) provides false or misleading information to the USAO, the district court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw defendant's guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the district court determines that defendant's total offense level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level downward adjustment pursuant to the preceding paragraph, the USAO will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because defendant communicated defendant's decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

18.    <u>Criminal History Category</u>. Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

19.    <u>Additional Sentencing Information</u>: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty plea.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation.

1    Defendant also acknowledges that the district court may rely on this and other additional

2    information as it calculates the sentencing guidelines range and makes other sentencing

3    determinations, and the district court's reliance on such information shall not be grounds for

4    defendant to withdraw defendant's guilty plea.

## VII. POSITIONS REGARDING SENTENCING

6        20.    **This is a binding plea agreement under Federal Rule of Criminal Procedure**

7    **11(c)(1)(C).** The parties will jointly recommend that the district court impose a sentence at the

8    low end of the sentencing guidelines range as determined by the district court, to run concurrent

9    with the sentences imposed on defendant by the Second Judicial District Court in Washoe

10   County, Nevada in Case No. CR18-0756 and Case No. CR19-1011, and a lifetime term of

11   supervised release. In agreeing to this sentencing recommendation, the parties have taken into

12   consideration all of the factors set forth in 18 U.S.C. § 3553(a) and conclude that a low-end

13   guideline sentence, to run concurrent with the sentences imposed on defendant by the Second

14   Judicial District Court in Washoe County, Nevada in Case No. CR18-0756 and Case No.

15   CR19-1011, and a lifetime term of supervised release is a reasonable sentence. The parties

16   understand and the defendant acknowledges that, if the district court accepts this binding plea

17   agreement, this recommended sentence will be binding on the district court pursuant to Fed. R.

18   Crim. P. 11(c)(1)(A) and (C). Either party may withdraw from this Plea Agreement in the event

19   that the district court informs the parties that the district court rejects this binding Plea

20   Agreement. *See* Fed. R. Crim. P. 11(c)(1)(5).

21       21.    If the district court rejects this binding Plea Agreement, defendant is advised that

22   (a) the district court is not required to follow the plea agreement; (b) both defendant and the

23   USAO have the opportunity to withdraw from the plea; and (c) if the plea is not withdrawn, the

24   district court may dispose of the case less favorably toward defendant than the plea agreement

     contemplated, pursuant to Fed. R. Crim. P. 11(c)(1)(5)(A)-(C). Defendant acknowledges, if the

district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, the district court does not have to follow the recommendation of either party.

22.     Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

23.     If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a).  In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty plea.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

24.     Defendant understands that by pleading guilty, defendant gives up the following rights:

a.     The right to persist in a plea of not guilty;

b.     The right to a speedy and public trial by jury;

c.     The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

d.     The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

e.     The right to confront and cross-examine witnesses against defendant;

f.     The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h.    The right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

25.    Understanding that the investigating agency has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the agency may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

## IX. WAIVER OF APPELLATE RIGHTS

26.    Waiver of Appellate Rights. Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed at or below a sentence at the low end of the guidelines as determined by the district court, to run concurrent with the sentences imposed on defendant by the Second Judicial District Court in Washoe County, Nevada in Case No. CR18-0756 and Case No. CR19-1011, as contemplated by this plea agreement; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction, including but not limited to the constitutionality of the statute of conviction; any other aspect of the sentence; and any order of restitution or forfeiture.

27.    Defendant reserves only the right to appeal any portion of the sentence that is above the applicable Sentencing Guideline range as determined by the district court.

28.    Waiver of Post-Conviction Rights. Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's

1   conviction, sentence, and the procedure by which the district court adjudicated guilt and

2   imposed sentence, except non-waivable claims of ineffective assistance of counsel.

3          29.    <u>Preservation of Evidence</u>: Defendant acknowledges that the USAO and the

4   agencies investigating this case are not obligated or required to preserve any evidence obtained in

5   the investigation of this case.

6                                    X. **FORFEITURE**

7          30.    The defendant knowingly and voluntarily:

8                 a.     Agrees to the district court imposing the civil judicial forfeiture or the

9   criminal forfeiture of:

10                        i.      A Dell Experian laptop, bearing serial number CQZLG1; and

11                        ii.     A Maxtor hard drive, bearing serial number UA00D6NC, in the

12                                aforementioned Dell Experian laptop

13   (all of which constitutes property);

14                 b.     Agrees to the abandonment, the civil administrative forfeiture, the civil

15   judicial forfeiture, or the criminal forfeiture of the property;

16                 c.     Abandons or forfeits the property to the United States;

17                 d.     Relinquishes all possessory rights, ownership rights, and all rights, titles,

18   and interests in the property;

19                 e.     Waives defendant's right to any abandonment proceedings, any civil

20   administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal

21   forfeiture proceedings of the property (proceedings);

22                 f.     Waives service of process of any and all documents filed in this action or

23   any proceedings concerning the property arising from the facts and circumstances of this case;

24

g.    Waives any further notice to defendant, defendant's agents, or defendant's attorney regarding the abandonment or the forfeiture and disposition of the property;

/ / /

h.    Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property; agrees not to contest, or to assist any other person or entity in contesting, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, or other documents in any proceedings;

i.    Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court failing to announce the forfeiture at sentencing, and all constitutional requirements, including but not limited to, the constitutional due process requirements of any proceedings concerning the property;

j.    Waives defendant's right to a jury trial on the forfeiture of the property;

k.    Waives all constitutional, legal, and equitable defenses and claims to the forfeiture or abandonment of the property in any proceedings, including, but not limited to, (1) constitutional or statutory double jeopardy defenses and claims and (2) defenses and claims under the Excessive Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

l.    Agrees to the entry of an Order of Forfeiture of the property to the United States;

m.    Waives the right to appeal any Order of Forfeiture;

n.    Agrees the property is forfeited to the United States;

17

o.    Agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the abandonment or the forfeiture;

p.    Agrees and understands that on the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C);

q.    Acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution; and

r.    Agrees to take all steps as requested by the USAO to pass clear title of the property to the United States and to testify truthfully in any judicial forfeiture proceedings. Defendant understands and agrees that the property represents proceeds and/or facilitating property of illegal conduct and is forfeitable.

s.    The defendant admits the property is (1) any visual depiction described in 18 U.S.C. § 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. § 2252A(a)(2) and (2) any property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. § 2252A(a)(2) or any property traceable to such property and is subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(1) and 2253(a)(3).

1

## XI. RESULT OF WITHDRAWAL OF GUILTY PLEA
## OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

2

3       31.    <u>Consequence of withdrawal of guilty plea</u>: Defendant agrees that if, after entering

4   a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in

5   withdrawing defendant's guilty plea on any basis other than the district court rejecting the

6   binding plea agreement or a claim and finding that entry into this agreement was involuntary,

7   then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should

8   the USAO choose to pursue any charge that was either dismissed or not filed as a result of this

9   agreement, then (i) any applicable statute of limitations will be tolled between the date of

10   defendant's signing of this agreement and the filing commencing any such action; and

11   (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of

12   pre-indictment delay, or any speedy trial claim with respect to any such action, except to the

13   extent that such defenses existed as of the date of defendant's signing this agreement.

14       32.    <u>Consequence of vacatur, reversal, or set-aside</u>: Defendant agrees that if

15   defendant's conviction is vacated, reversed, or set aside, both the USAO and defendant will be

16   released from all their obligations under this agreement, except that, should the USAO choose to

17   pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any

18   applicable statute of limitations will be tolled between the date of defendant's signing of this

19   agreement and the filing commencing any such action; and (ii) defendant waives and gives up all

20   defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy

21   trial claim with respect to any such action, except to the extent that such defenses existed as of

22   the date of defendant's signing this agreement.

23

24

## XII. BREACH OF AGREEMENT

33.    Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

34.    Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and

1   gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence

2   410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or

3   any evidence derived from the statements should be suppressed or are inadmissible.

## XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES.

6       35.     Defendant understands that the U.S. Probation and Pretrial Services Office are not

7   parties to this agreement and need not accept any of the USAO's sentencing recommendations

8   or the parties' agreements to facts or sentencing factors. Defendant understands that the district

9   court is not a party to this agreement and is only bound by the parties' stipulated offense level

10  and the parties' sentencing recommendation.

11      36.     Defendant understands that both defendant and the USAO are free to argue on

12  appeal and collateral review that the district court's sentencing guidelines calculations and the

13  sentence it chooses to impose are not error.

14      37.     Defendant understands that, if the district court rejects the plea agreement and

15  defendant chooses not to withdraw defendant's guilty plea, the district court may ignore any

16  sentencing recommendation, find facts or reach conclusions different from those agreed to by the

17  parties, or impose any sentence up to the maximum established by statute, and defendant will

18  remain bound to fulfill all defendant's obligations under this agreement. Defendant understands

19  that, if the district court rejects the plea agreement and defendant chooses not to withdraw

20  defendant's guilty plea, no one—not the prosecutor, defendant's attorney, or the Court—can

21  make a binding prediction or promise regarding the sentence defendant will receive, except that

22  it will be within the statutory maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

24      38.     The Defendant acknowledges that:

1          a.    Defendant read this agreement, and defendant understands its terms and

2    conditions.

3          b.    Defendant had adequate time to discuss this case, the evidence, and this

4    agreement with defendant's attorney.

5          c.    Defendant carefully and thoroughly discussed all terms of this agreement

6    with defendant's attorney.

7          d.    Defendant understands the terms of this agreement and voluntarily agrees

8    to those terms.

9          e.    Defendant has discussed with defendant's attorney the following: the

10   evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that

11   might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. 3553(a);

12   the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

13         f.    The representations contained in this agreement are true and correct,

14   including the factual basis for defendant's offense set forth in this agreement.

15         g.    Defendant was not under the influence of any alcohol, drug, or medicine

16   that would impair defendant's ability to understand the agreement when defendant considered

17   signing this agreement and when defendant signed it.

18       39.    Defendant understands that defendant alone decides whether to plead guilty or go

19   to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of

20   the charges brought against defendant, defendant's possible defenses, and the benefits and

21   possible detriments of proceeding to trial.

22       40.    Defendant understands that no promises, understandings, or agreements other

23   than those set forth in this agreement have been made or implied by defendant, defendant's

24   attorney, or the USAO, and no additional promises, agreements, or conditions shall have any

1  force or effect unless set forth in writing and signed by all parties or confirmed on the record

2  before the district court.

3      41.    Defendant acknowledges that defendant decided to plead guilty voluntarily and

4  that no one threatened, coerced, or forced defendant to enter into this agreement.

5      42.    Defendant is satisfied with the representation of defendant's attorney, and

6  defendant is pleading guilty because defendant is guilty of the charges and chooses to take

7  advantage of the promises set forth in this agreement and for no other reason.

8          **XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

9      43.    The parties agree that this agreement will be considered part of the record of

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24

1    defendant's guilty plea hearing as if the entire agreement had been read into the record of the

2    proceeding.

3    AGREED AND ACCEPTED

4    UNITED STATES ATTORNEY'S OFFICE
     FOR THE DISTRICT OF NEVADA

5
     CHRISTOPHER CHIOU
6    Acting United States Attorney

7    _____          _____7/13/21_____
8    PETER WALKINGSHAW  *Andolyn Johnson*        Date
     Assistant United States Attorney

9

10   _____          _____7/12/21_____
11   ADAM MICHAEL TOOMBS                         Date
     Defendant

12

13   _____          ____7·12·21____
14   KATHERINE TANAKA                            Date
     Attorney for Defendant ADAM MICHAEL
15   TOOMBS

16

17

18

19

20

21

22

23

24